IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Jerry King, ) | Case No.: 4:22-cv-01720-JD |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | ORDER AND OPINION |
| Honda Trading America Corporation ) | |
| and People Ready, Inc., ) | |
| ) | |
| Defendants. ) | |

This matter is before the Court on the Report and Recommendation ("Report") of United States Magistrate Judge Thomas E. Rogers, III, (DE 98) issued under 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) of the District of South Carolina. The Report addresses Defendants Honda Trading America Corporation and People Ready, Inc.'s (collectively "Defendants") motions for summary judgment (DE 87, 88.)[1]

**A. Background**

The Report sets forth the relevant facts and legal standards, which the Court incorporates herein. A brief summary is provided for context.

Plaintiff Jerry King ("Plaintiff" or "King"), an African-American male, was hired by staffing agency PeopleReady, Inc. ("PeopleReady"), in February 2018 and assigned to various temporary positions, including at Honda Trading America Corporation's ("HTA") Timmonsville warehouse beginning August 25, 2020. (Pl. Dep.

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

1

42, 63; DE 87-1 at 2.) During orientation, Plaintiff was provided PeopleReady's workplace policies and instructed on how to report complaints. (Pl. Dep. 48, 50–51, 122; Pl. Dep. Exs. 2–4; DE 87-1 at 13–56.) His prior placements ended due to allegations of misconduct or poor performance. (Pl. Dep. 57–61; Alldredge Dep. 17–21, 40–41; DE 87-2 at 2, 6–7.)

At HTA, all warehouse positions were filled by contingent PeopleReady associates under the daily supervision of Mark Kelly, a PeopleReady associate, and the general oversight of HTA Supervisor Robert Lindholm. (Lindholm Dep. 7, 13–14; Lindholm Decl. ¶¶ 2–3, 7; Kelly Dep. 7–8; DE 88-2 at ¶¶ 2–3, 7; DE 88-3 at 7, 13–14; DE 88-7 at 7–8.) PeopleReady managed personnel functions, while HTA directed daily assignments and operational matters. (Lindholm Dep. 17, 54–65; Kelly Dep. 18, 35–36; DE 88-3 at 17, 54–65; DE 88-7 at 18, 35–36.)

Plaintiff was counseled twice in the early months of his assignment at HTA: once on September 15, 2020, for excessive talking and poor work pace, and again on October 14, 2020, for disruptive gossiping—both in response to reports from HTA. (Pl. Dep. 75–77, 161, 170–88; Alldredge Dep. 33–34; Pl. Dep. Exs. 8, 11, 12; DE 87-1 at 75–88; DE 87-2 at 33–34.) On January 26, 2021, Lindholm reported to PeopleReady that Plaintiff had become a liability and was treating coworkers harshly. PeopleReady conducted an internal inquiry and, based on confirmation from other associates, removed Plaintiff from the assignment. (Alldredge Dep. 17–24; Pl. Dep. 111–18; Roark Dep. 24, 32–34; Pl. Dep. Ex. 8; DE 87-2 at 17–24; DE 88-6 at 24, 32–34.)

Although PeopleReady noted Plaintiff remained eligible for future placements, he declined an offer on February 1, 2021, stating he intended to pursue legal action. (Pl. Dep. 119–20; Alldredge Dep. 34–35; DE 87-1 at 119–20; DE 87-2 at 34–35.) Plaintiff alleges that a coworker, Bridgett Collins, made a racially insensitive comment—"I'm not afraid of you people"—but was not disciplined, whereas he was terminated shortly after confronting her. (Pl. Dep. 103–04.) He also contends that he was retaliated against after raising concerns about COVID-19 exposure and that minority employees were subjected to stricter discipline than white employees. (Pl. Dep. 79–83, 96–101.)

However, Plaintiff admitted that he never reported these incidents through the proper channels. He made no complaints to PeopleReady staff, including Alldredge and Roark, nor did he contact the company complaint hotline. He also did not raise concerns with HTA staff, including Kelly or Lindholm. (Pl. Dep. 51–56, 122–23, 153–60; Kelly Dep. 31; Lindholm Dep. 60–61; DE 87-1 at 51–56, 122–23, 153–60; DE 88-3 at 60–61; DE 88-7 at 31.)

### B. Report and Recommendation

On March 10, 2025, the Magistrate Judge recommended granting summary judgment in favor of both Defendants—PeopleReady, Inc., and Honda Trading America Corporation (HTA)—on the grounds that King failed to file his Title VII lawsuit within the 90-day statutory period following receipt of his EEOC Notice of Right to Sue. (DE 98.) The Report found that although Plaintiff alleged in his amended complaint that he received the notice on March 5, 2022, the record contains

no evidence to support this claim. In his deposition, Plaintiff admitted he did not know the date he received the notice and had no documentation verifying his allegation. As a result, the Report applied the well-established presumption that Plaintiff received the notice three days after it was issued—on February 28, 2022. Accordingly, the deadline to file suit was May 31, 2022. Plaintiff filed the complaint on June 1, 2022—one day late—rendering the action untimely under 42 U.S.C. § 2000e–5(f)(1).

The Magistrate Judge also rejects Plaintiff's argument for equitable tolling based on his claim that he had COVID-19 when the notice was received. Plaintiff did not provide a specific date for his illness or explain how it prevented timely filing. The Report concluded that Plaintiff failed to demonstrate the diligence or extraordinary circumstances necessary to justify tolling. (DE 98 at 13.) The Report noted that precedent within the Fourth Circuit affirms that even a one-day delay warrants dismissal of Title VII claims as time-barred. (DE 98 at 11.)

Based on the undisputed timeline and the lack of supporting evidence for equitable tolling, the Magistrate Judge recommended that both Defendants' motions for summary judgment (DE 87, DE 88) be granted and that the case be dismissed in its entirety. (DE 98 at 14.)

### C. Legal Standard

To be actionable, objections to the Report and Recommendation must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted

by the district judge. *See United States v. Schronce*, 727 F.2d 91, 94 & n.4 (4th Cir. 1984). "The Supreme Court has expressly upheld the validity of such a waiver rule, explaining that 'the filing of objections to a magistrate's report enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (2005) (citing *Thomas v. Arn*, 474 U.S. 140, 147 (1985) (emphasis added)). In the absence of specific objections to the Report and Recommendation of the magistrate judge, this Court is not required to give any explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

**D. Plaintiff's Objections**

In his objections to the Magistrate Judge's Report and Recommendation (DE 98), King contests the dismissal of his Title VII claims as untimely. His objections focus on two principal grounds: (1) the timeliness of his filing based on the date he allegedly received the EEOC Notice of Right to Sue, and (2) his eligibility for equitable tolling due to COVID-19. The Court overrules both objections for these reasons.

**1. Objection to Receipt Date Finding**

Plaintiff contends the Magistrate Judge erred in finding no evidence of the specific date he received the EEOC Notice of Right to Sue. Plaintiff relies on his amended complaint's allegation that the notice was received on March 5, 2022, and his deposition testimony that he gave the notice to his aunt, who "may have dated it" (DE 99 at 1–2; DE 99-1 at 2–3). He asserts this testimony should have been accepted as sufficient to rebut the presumption that the notice was received three days after mailing (i.e., on February 28, 2022).

However, Plaintiff expressly admitted during his deposition that he did not know when he received the notice, made no record of the date, and never reviewed any copy his aunt might have retained. (Pl. Dep. 130–32, DE 87-1 at 130–32.) He produced no affidavit from his aunt or any documentary evidence to support his assertion. Defendants attempted to depose Plaintiff's aunt, but she refused to appear and never offered any statement. (DE 102 at 2–3; DE 101 at 3.)

Accordingly, the Magistrate Judge correctly applied the well-established three-day presumption rule under *Ish v. Arlington County, Va.*, 918 F.2d 955 (4th Cir. 1990), and held that Plaintiff's June 1, 2022, filing—91 days after presumed receipt on February 28, 2022—was untimely. (DE 98 at 11–12.) Plaintiff's objections do not present any admissible evidence to rebut this conclusion.

**2. Objection to Denial of Equitable Tolling**

Plaintiff also argues that his COVID-19 diagnoses justify equitable tolling. (DE 99 at 4.) He claims to have contracted COVID twice after January 27, 2021, and asserts this impeded his ability to file the complaint within the statutory window. However, Plaintiff again fails to specify when he was ill, and he testified only that he had COVID twice for approximately two weeks each time but could not remember the dates. (Pl. Dep. 126–28, DE 87-1 at 126–28.)

The Magistrate Judge appropriately determined that this vague and conclusory testimony fell short of demonstrating the diligence and extraordinary circumstances required to justify tolling. (DE 98 at 12–13.) In doing so, the Report correctly applied the reasoning from *Walker-Bay v. Gabrowski*, No. 1:22-cv-0361-SAL,

2022 WL 16510008 (D.S.C. Oct. 28, 2022), where the court rejected a similar tolling argument from a plaintiff who filed one day late and claimed COVID-19 as a justification. Moreover, Plaintiff admitted that he never mentioned COVID in connection with his claimed receipt of the Right to Sue notice (Pl. Dep. 130–32, DE 87-1 at 130–32), further undermining his tolling argument.

In sum, Plaintiff's objections (DE 99) merely restate arguments previously raised in his summary judgment opposition (DE 94) and fail to direct the Court to any factual or legal error in the Report (DE 98). The Magistrate Judge appropriately applied controlling precedent and assessed the record under the correct legal standards.

### E. Conclusion

Accordingly, after a careful and thorough review of the Report and Recommendation and the entire record in this matter, the Court adopts the Report (DE 98) in its entirety and incorporates it herein by reference.

It is, therefore, ORDERED that Defendant PeopleReady, Inc.'s Motion for Summary Judgment (DE 87) is GRANTED, Defendant Honda Trading America Corporation's Motion for Summary Judgment (DE 88) is GRANTED, and this case is DISMISSED.

**IT IS SO ORDERED**.

Joseph Dawson, III
United States District Judge

Florence, South Carolina
May 27, 2025

## NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order within thirty (30) days from this date under Rules 3 and 4 of the Federal Rules of Appellate Procedure.